**SO ORDERED.**

**SIGNED this 23 day of May, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

**LORIN NEWTON WARD,**

      Debtor.                                    Case No. 05-05126-8-JRL
                                                             Chapter 13

_____

## ORDER

      This case is before the court on the Chapter 13 trustee's motion for confirmation, the debtor's objection to the claim of Discover Bank, the Chapter 7 trustee's motion to allow the late filing of a proof of claim by the estate of Jane P. Ward, the debtor's objection to the claim of the estate of Jane P. Ward, the Chapter 7 trustee's motion for relief from the automatic stay, and the debtor's motion to sell property. On May 17, 2006, the court conducted a hearing on these matters in Wilmington, North Carolina.

      The debtor and his wife, Jane P. Ward, owned property as tenants by the entirety located at 1798 E. Highway 11, Kelly, North Carolina, where they resided. In June 2005, the couple separated, and Ms. Ward transferred her interest in the property to the debtor pursuant to a separation agreement. On July 5,

1

2005, the debtor filed the subject case under Chapter 13. Thereafter, on July 12, 2005, Ms. Ward filed for relief under Chapter 7 (Case No. 05-05333-8-JRL).

In the year of 2000, Ms. Ward approached the debtor and revealed that she had opened credit card accounts, either individually or jointly in the couple's names, and that the couple was now in financial straits. The debtor said that Ms. Ward would wait by the mailbox on days when credit card bills would arrive, and that he had no knowledge of the credit card accounts until the revelation by his wife. The debtor discovered that his wife had incurred approximately $91,000.00 in credit card debt. Ms. Ward was having an affair with the debtor's best friend, and she was using the credit cards to purchase items and entertainment related to the affair.

On July 12, 2004, the debtor and his wife borrowed $71,461.94 from BB&T secured by the marital residence. The debtor used this money to pay off the majority of the credit card debt. The debtor told his wife to cancel all credit cards at that time. However, Ms. Ward continued to receive credit card bills at an address in Myrtle Beach, South Carolina, and she incurred additional debt exceeding $25,000.00.

The debtor said that, at the time of entering the separation agreement, he was represented by counsel, and Ms. Ward was not. Pursuant to the separation agreement, Ms. Ward assumed liability of all credit card accounts and cell phone accounts held individually or jointly with the debtor. The debtor received Ms. Ward's interest in the marital residence and assumed liability on the mortgage.
Both parties waived alimony, support, and any rights in the others' retirement benefits, pensions, or 401k accounts. The debtor testified that, as part of the agreement, he relinquished his right to sue either Ms. Ward or her lover. However, the separation agreement only reflects a waiver of the right to sue Ms. Ward.

The debtor contests the proof of claim in the amount of $13,174.57 filed by Discover Bank. He asserts that he had no knowledge of the credit card, that he never signed the credit card application, and that he never authorized anyone to sign the application on his behalf. The debtor stated that he became delinquent on the mortgage payments to BB&T because the bank draft that he opened for mortgage payments was stopped without his knowledge.

The debtor proposes to sell the house and lot for $165,000.00 to Susan Wilson. He proposes to use the proceeds from the sale to pay off BB&T, to pay the allowed claims in his Chapter 13 case, and to keep the remainder of the proceeds for himself. At the hearing, BB&T did not object to the sale of the house, but it requested that its attorneys' fees be paid from the proceeds of the sale.

The Chapter 7 trustee on behalf of the estate of Jane P. Ward seeks relief from the automatic stay to institute a fraudulent conveyance action in order to recover Ms. Ward's interest in the marital residence that she transferred to the debtor pursuant to the separation agreement. In addition, the Chapter 7 trustee also seeks to file a late proof of claim on behalf of the estate of Jane P. Ward.

Based on the evidence presented at the hearing, the court grants the Chapter 7 trustee's motion for relief from stay to pursue a fraudulent conveyance action. The court denies the Chapter 7 trustee's motion to file a late proof of claim on behalf of Ms. Ward, as the Chapter 7 trustee lacks standing; rather, it is a matter of whether the Chapter 7 trustee can recapture the property interest through an adversary proceeding.

The court grants the debtor's motion to sell the real property located in Kelly, North Carolina. The debt owed to BB&T, including attorneys' fees, will be paid from the proceeds of the sale. The remainder of the proceeds will be held by the Chapter 13 trustee as part of the Chapter 13 estate until the fraudulent

conveyance action is resolved.

The court sustains the debtor's objection to the claim of Discover Bank. While the debtor's evidence was somewhat murky regarding the illegitimacy of the claim, Discover Bank was noticed of the hearing and failed to appear in support of its claim. The Chapter 13 trustee informed the court that payments to Discover Bank had already been distributed. While it is not necessary for the Chapter 13 trustee to seek disgorgement of those funds, the court instructed him to stop payments to Discover Bank immediately as of the date of the hearing.

Regarding the Chapter 13 trustee's amended motion for confirmation, it was represented at the hearing that the plan had already been confirmed. However, the docket reflects that the amended motion for confirmation remains pending and that a confirmation order has not been entered. The court finds that a Chapter 13 plan can be confirmed consistent with the terms of this order.

"END OF DOCUMENT"